IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02433-RTG

REX FREDERICKSON,

    Plaintiff,

v.

DAVID AYRAUD,
LARIMER COUNTY COLORADO,
CHAD GREY,
DAVID ARCHBELL,
JEANNINE S. HAAG,
ROBERT THAYER,
UNKNOWN DEFENDANTS,
CITY OF FORT COLLINS, COLORADO,
JOHN J. FEYEN,
CHIEF JEFF SWOBODA,

    Defendants.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND
TO FILE AMENDED COMPLAINT

---

Plaintiff Rex Frederickson, a resident of Wellington, Colorado, initiated this *pro se* action on August 6, 2025. (ECF No. 1). In response to the Court's Order to Cure (ECF No. 23), Plaintiff submitted on October 16, 2025, a Complaint (ECF No. 24) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 25). Plaintiff will be granted leave to proceed under 28 U.S.C. § 1915.

The Court must construe Plaintiff's Complaint liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons below, the Court will order Plaintiff to file an Amended Complaint if he wishes to pursue any claims.

## I. PLAINTIFF'S COMPLAINT

Plaintiff brings his claims pursuant to 42 U.S.C. §§ 1983 and 1985, alleging violations of his First Fourth and Fourteenth Amendment rights, and also alleges violations of "18 USC 35, 241, 242, 245, 1505, 1512(B), 2261A, RICO." (ECF No. 24 at 6). Plaintiff asserts twenty-seven "counts" against ten defendants. His allegations are repetitive, conclusory, and difficult to follow; however, Plaintiff appears to allege that he was evicted from multiple properties in violation of his due process rights, that the evictions were initiated in retaliation for Plaintiff's pending litigation, that Defendant Larimer County failed to enforce protective orders, that he was harassed and defamed by Defendants Archbell and Thayer with mocking video content on social media, and that Defendants Archbell and Thayer retaliated against him with "armed confrontation" intended to chill Plaintiff's litigation efforts. (See *id*. at 8-16). Plaintiff requests declaratory and injunctive relief and monetary damages.

## II. PLEADING DEFECTS

### A. Rule 8

The Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff's allegations consist of vague and conclusory statements

2

rather than clear statements of fact.  Plaintiff fails to state in a clear and understandable manner what each defendant actually did to violate his legal rights.  Rule 8 requires that complaints must contain a short and plain statement of the *facts* explaining why a claim succeeds.  Fed. R. Civ. P. 8(a)(2) (emphasis added).  A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  *Id.*  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Further, vague and conclusory allegations do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.  See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's *well-pleaded factual contentions*, not his conclusory allegations."  *Hall*, 935 F.2d at 1110 (emphasis added).

To comply with federal pleading standards, Plaintiff must allege in a clear, concise, and organized manner *what* each defendant specifically did to Plaintiff, *when* the defendant did it, *how* the defendant's action harmed him, *what specific legal right* he believes the defendant violated, and what specific relief he requests.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff also must

3

allege sufficient facts to meet the legal standard applicable to each asserted claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.").

      B.    **Private Actor**

Defendants Thayer and Archbell appear to be private citizens, as opposed to government officials or other state actors.  Plaintiff cannot sue a private citizen under 42 U.S.C. § 1983.  Section 1983 provides a remedy when an individual's constitutional rights are violated under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  *See also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).  Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'"  *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

### C.     Municipal Liability and Personal Participation

To state an arguable claim for relief against municipalities such as Defendants Larimer County and the City of Fort Collins, or against municipal officers or agents in their official capacities, Plaintiff must allege specific facts to demonstrate he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010); *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009) ("A municipality is not liable for the constitutional violations of its employees simply because such a violation has occurred; a policy or custom must have actually caused that violation."); *see also Hafer v. Melo,* 502 U.S. 21, 25 (1991) (explaining that claims against a government official in his or her official capacity should be treated as being asserted against the governmental entity).  Plaintiff may show a municipal policy or custom in the form of any of the following:

> a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—   and the basis for them—   of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer–Hoetler v. Twin Peaks Charter Acad* ., 602 F.3d 1175, 1189-90 (10th Cir. 2010))

(internal quotations omitted).

Furthermore, to the extent Plaintiff seeks to hold any individual defendant liable in his or her personal capacity, he must allege specific facts in an amended pleading to show that the defendant was personally involved in the constitutional deprivation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (Allegations of "personal participation in the specific constitutional violation complained of [are] essential" in a §1983 action); *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in the alleged constitutional violation."). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A §1983 claim against a supervisory official must be supported by factual allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider*, 717 F.3d at 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

    **D.**    **Section 1985 Claims**

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Conclusory

6

allegations regarding a conspiracy are not sufficient to state an arguable claim under § 1985(3). *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (noting that conclusory allegations of a conspiracy are not sufficient).

### E. Criminal Statutes

Although Plaintiff seeks to pursue claims pursuant to 18 U.S.C. §§ 241 and 242, he cannot do so because these federal criminal statutes do not provide for private civil causes of action. *See Cok v. Cosentino* , 876 F.2d 1, 2 (1st Cir. 1989) (explaining that this portion of the criminal code "do[es] not give rise to a civil action for damages). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)." *Id*. Because Plaintiff is not authorized to enforce 18 U.S.C. §§ 241 and 242, he cannot pursue any claims premised on these federal criminal statutes. Likewise, Plaintiff cannot bring civil claims for alleged violations of the other criminal statutes he references in his pleading since none provide for a private right of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (dismissal of claims alleging violations of criminal statutes is proper if criminal statutes do not provide for a private right of action); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Further, "[a] private RICO claim can only be brought by a plaintiff claiming a personal injury arising from the use or investment of racketeering income." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citing *Grider v. Texas Oil & Gas Corp.*,

868 F.2d 1147, 1149 (10th Cir.1989). *See also* 18 U.S.C. § 1964(c), § 1962.

### III. CONCLUSION

Accordingly, for the reasons set forth above, it is

ORDERED that Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 25) is **granted**. It is

FURTHER ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an Amended Complaint that complies with all directives contained in this order. The only appropriate filing by Plaintiff at this time is an Amended Complaint. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current court-approved Complaint form at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint that complies with this order within the time allowed, the action may be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's previously-filed motions to proceed *in forma pauperis* (ECF Nos. 2, 10, and 15) are **denied** as moot. It is

FURTHER ORDERED that Plaintiff's motions for disqualification of counsel (ECF Nos. 3, 27) are **denied** as premature because no attorney has entered an appearance in this action. It is

FURTHER ORDERED that Plaintiff's "Motion to Accept Corrected Filings, Recognize Harmless Error, and Clarify Evidentiary Treatment" (ECF No. 13) is **denied** as unnecessary and moot. It is

FURTHER ORDERED that Plaintiff's "Notice of Compliance and Request for Prompt Consideration" (ECF No. 16) is construed as a motion and is **denied** as unnecessary and moot. It is

FURTHER ORDERED that Plaintiff's Motion for Service of Process by U.S. Marshal Under Rule 4(c)(3) (ECF No. 29) is **denied** as premature because service of process is premature until the Court has completed initial review pursuant to D.C.COLO.LCivR 8.1.

DATED November 5, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge