IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02433-LTB-RTG

REX FREDERICKSON,

      Plaintiff,

v.

DAVID AYRAUD, in his individual capacity,
BOARD OF COUNTY COMMISSIONER FOR THE COUNTY OF LARIMER,
      COLORADO,
CHAD GREY, in his individual capacity,
DAVID ARCHBELL,
CITY OF FORT COLLINS, a Colorado municipal corporation,
JEANNINE S. HAAG, in her official capacity,
JOHN J. FEYEN, in his individual and official capacity,
JEFF SWOBODA, in his individual and official capacity,
ROBERT THAYER, and
JOHN DOE DEFENDANTS 1-10, in their individual and official capacity,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the amended Complaint (ECF No. 36) filed *pro se* by Plaintiff Rex Frederickson on February 11, 2026.  The matter has been referred to this Magistrate Judge for recommendation (ECF No. 41).

The Court must construe the amended Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date.  The Court has considered the entire

1

case file and the applicable law, and is sufficiently advised in the premises.   It is respectfully recommended that the amended Complaint and the action be dismissed.

## I. DISCUSSION

- **Background**

Plaintiff is a resident of Wellington, Colorado.   He initiated this action on August 8, 2025 (ECF No. 1), and, after the Court issued three orders to cure deficiencies (ECF Nos. 7, 12, 23), on October 16, 2025 he filed a Complaint (ECF No. 24).   On November 5, 2025, the Court issued an order to amend (ECF No. 32), determining that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   Specifically, the Court noted that Plaintiff's allegations consisted of vague and conclusory statements and that Plaintiff failed to state in a clear and understandable manner what each defendant actually did to violate his legal rights. Plaintiff was advised that he must allege in a clear, concise, and organized manner *what* each defendant specifically did to Plaintiff, *when* the defendant did it, *how* the defendant's action harmed him, *what specific legal right* he believes the defendant violated, and what specific relief he requests.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   The Court further stated that Plaintiff must allege sufficient facts to meet the legal standard applicable to each asserted claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Plaintiff filed an amended Complaint on February 11, 2026.   (ECF No. 36).

- **The Amended Complaint**

The amended Complaint asserts eleven claims for relief.   Although the claims

2

are confusing and difficult to follow, the Court endeavors to summarize them as follows:

Claim one is entitled "42 U.S.C. § 1983 – Fourteenth Amendment Due Process (Deprivation of Property / Housing Interest Without Due Process)."  Plaintiff alleges in claim one that Defendant Grey used his position as a code enforcement official to pressure Plaintiff's landlords to evict him, and that as a result Plaintiff was subject to a "constructive eviction" without any written notice or other procedural protections.  (ECF No. 36 at 7-8).

Claim two is entitled "Actions of Defendants David Archbell and Robert Thayer." Plaintiff alleges in claim two that after Plaintiff sought legal relief by filing suit regarding the unlawful removal from his residence, Defendants Archbell and Thayer, who apparently are private individuals, harassed, monitored, and confronted Plaintiff while visibly armed.  (*Id*. at 9-11).

Claim three is entitled "Actions and Omissions of Law Enforcement (Larimer County and Fort Collins Police)."  Plaintiff alleges in claim three that Plaintiff repeatedly reported the incidents involving Defendants Archbell and Thayer to the Fort Collins Police Department and the Larimer County Sheriff's Office but law enforcement did not conduct any meaningful investigation.  (*Id*. at 11-13).

Claim four is entitled "Actions of Deputy County Attorney David Ayraud." Plaintiff alleges in claim four that Plaintiff pursued filings in Larimer County pertaining to the harassment and that Defendant Ayraud, who served as counsel to Larimer County, had a conflict of interest but did not withdraw or recuse.  (*Id*. at 13-15).

Claim five is entitled "Court Access Interference / Procedural Obstruction (Deputy

3

County Attorney David Ayraud).”   Plaintiff alleges in claim five that “Deputy County Attorney David Ayraud’s conflict of interest and continued participation affected Plaintiff’s access to ordinary, neutral County processes necessary to pursue protective relief and related court remedies.”   (*Id*. at 15-17).

Claim six is entitled “Retaliatory Citation / Retaliatory Policing (Oct 20, 2025).” Plaintiff alleges in claim six that Fort Collins police cited him for harassment, without probable cause, in connection with Plaintiff serving process on Defendant Thayer, and that the citation was retaliatory.   (*Id*. at 17-19).

Claim seven is entitled “Damages / Ongoing Injury.”   The claim appears to describe damages Plaintiff has allegedly suffered as a result of Defendants’ acts.   (*Id*. at 19-20).

Claim eight is entitled “Civil RICO 18 U.S.C. § 1662(c).”   Plaintiff alleges in claim eight that Defendants engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1662(c) which included misuse of government authority, armed confrontation, surveillance, online targeting, and retaliatory enforcement.   (*Id*. at 20-23).

Claim nine is entitled “Monell Liability / Policy - Custom / Failure to Train – Supervise-Discipline (City of Fort Collins & Larimer County).”   Plaintiff alleges in claim nine that multiple municipal defendants are liable in this action “under *Monell*.”   (*Id*. at 23-29).

Claim ten is entitled “Equal Protection (Selective Enforcement / Disparate Treatment) 42 U.S.C. § 1983.”   Plaintiff alleges in claim ten that Fort Colins Police treated Plaintiff differently than Defendant Thayer even though “Plaintiff and Thayer

were similarly situated for enforcement purposes." (Id. at 25-27).

Claim eleven is entitled "Retaliation / Obstruction of Official Processes and

Interference With Court Access (Actual Injury from Intimidation)." Plaintiff alleges in

claim eleven that Defendant Ayraud's actions which destabilized Plaintiff's housing, and

Defendants Thayer and Archbell's actions, interfered with Plaintiff's access to legal

process in several lawsuits. (*Id*. at 27-29).

Plaintiff seeks monetary damages and injunctive relief.

- **Rule 8**

The twin purposes of a pleading are to give the opposing parties fair notice of the

basis for the claims against them so that they may respond and to allow the Court to

conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious*, 492 F.3d at 1163

(stating that a complaint "must explain what each defendant did to him or her; when the

defendant did it; how the defendant's action harmed him or her; and, what specific legal

right the plaintiff believes the defendant violated"). The requirements of Rule 8 of the

Federal Rules of Civil Procedure are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint

"must contain (1) a short and plain statement of the grounds for the court's jurisdiction, .

. . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a)

is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The amended Complaint does not comply with the pleading requirements of Rule 8 because Plaintiff fails to provide a short and plain statement of the claims he is asserting that demonstrates he is entitled to relief.   His allegations are confusing and difficult to follow.   Further, although claims two through seven, nine, and eleven describe various alleged acts by Defendants, they fail to identify any specific legal right that each Defendant allegedly violated, *see Nasious*, 492 F.3d at 1163, and the Court is not required to attempt to guess the legal bases for Plaintiff's claims.   While claim one does assert a violation of constitutional due process, Plaintiff alleges in claim one that it was Plaintiff's landlord, not any named Defendant, who "informed Plaintiff that he had to leave the residence" and caused a "constructive eviction," and he further fails to identify the legal basis for the "procedural protections" he allegedly was due "before terminating a lawful tenancy."   (ECF No. 36 at 8).   Moreover, while claim eight asserts a civil RICO claim, Plaintiff fails to allege specific facts demonstrating he has suffered "a personal injury arising from the use or investment of racketeering income."   *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998); *see also* 18 U.S.C. § 1964(c), § 1962.

Finally, claim ten asserts a constitutional equal protection violation, but Plaintiff fails to make a "threshold showing" that he was treated differently than another with whom he was similarly situated in *every material respect*.   *Brown v. Montoya*, 662 F.3d

1152, 1172-73 (10th Cir. 2011); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in a "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated"); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) ("To prevail on his class-of-one equal-protection claim, plaintiff must show that others similarly situated in every material respect were treated differently.")   The allegations are therefore insufficient to show an entitlement to relief under § 1983.   *See Brown*, 662 F.3d at 1173; *see also Collins*, 656 F.3d at 1220 ("It is insufficient to simply allege that other, unidentified comparators are in a 'comparable' or 'similar situation' — the claim must be supported by specific facts plausibly suggesting [the comparators] are similar in all material respects.").

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that their rights have been violated do not entitle *pro se* pleaders to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."   *Hall*, 935 F.2d at 1110.   Because Plaintiff fails to allege specific facts in

7

support of his claims and fails to identify specific legal rights allegedly violated, the amended Complaint should be dismissed for failure to comply with the pleading requirements of Rule 8.

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the amended Complaint (ECF No. 36) and the action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8.[1]

DATED March 20, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).